IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,
        Plaintiff,

vs.                                                    Case No.: 3:15cv489/MCR/EMT

CITY OF GULF BREEZE, et al.,
        Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff Gaye Lynn Dilek Brewer ("Brewer"), a non-prisoner proceeding pro se, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).  Brewer also filed a motion to proceed in forma pauperis ("IFP") (ECF No. 4).  Brewer's supporting financial affidavit demonstrates she qualifies to proceed IFP; therefore, her motion to so proceed will be granted.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); Fed. R. Civ. P. 72(b).   After careful consideration of all issues raised by Brewer, it is the opinion of the undersigned that dismissal of this action is warranted.

I.      BREWER'S ALLEGATIONS

Brewer names three Defendants:  Robert Randle, Chief of the Gulf Breeze Police Department ("GBPD"); Sergeant Stephen Neff, an officer with the GBPD; and Michael Stebbins, the City Attorney for the City of Gulf Breeze (ECF No. 1 at 1–2).[1]  Brewer alleges that on September 18, 2011, she was pulled over by an officer with the GBPD because her headlamps did not comply with Florida law (*id.* at 3).  Brewer alleges the officer gave her a "warning" and advised her that she could

_____

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

not operate the vehicle until the headlights were repaired (*id.*). Brewer alleges she replaced the headlights that evening, and the next day she went to the GBPD (*id.*). She alleges she showed Chief Randle the "warning" and the headlights (*id.*). Brewer alleges she subsequently learned that the "warning" was "changed into a ticket" (*id.*). She alleges the ticket was illegal, because she did not sign it, and it should not have been issued because she remedied the infraction within 24 hours (*id.* at 4–5). Brewer alleges she "tried to fight the illegal ticket," but despite her challenge to the legality of the ticket, she lost her legal challenge (*id.*). She states that in 2012 or 2013, her father paid the amount due for the traffic infraction (*id.*).

Brewer claims that she was denied her right to due process guaranteed by the Fifth and Fourteenth Amendments (ECF No. 1 at 4). She also brings a conspiracy claim under 18 U.S.C. § 241, as well state tort claims (*id.*). As relief, Brewer seeks monetary damages in the amount of "minimum $300,000" (*id.*). She also seeks injunctive relief, including an injunction requiring "meetings with the leaders of the City of Gulf Breeze to amend fraud and violence against women" (*id.*).

II.     ANALYSIS

Because Brewer is proceeding in forma pauperis, the court may dismiss a claim if satisfied that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit; within the latter are those cases describing scenarios clearly removed from reality. *See* Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990) (citation omitted).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The

allegations of the complaint are taken as true and are construed in the light most favorable to Brewer.  Davis v. Monroe Cnty. Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679 (citation omitted).  The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  Id. (citing Fed. R. Civ. P. 8(a)(2)).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Id. at 678 (quotation and citation omitted).  And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true."  Id. at 681 (quotation and citation omitted).  Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

A.    Due Process Claim

Florida law requires that every motor vehicle be equipped with at least two headlamps with at least one on each side of the front of the vehicle.  See Fla. Stat. § 316.220(1).  A violation of § 316.220 is a noncriminal traffic infraction, punishable as a nonmoving violation as provided in Chapter 18 of the Florida Statutes.  See Fla. Stat. § 316.220(3).

Florida law provides the following process for noncriminal traffic infractions. Any person cited for a violation of Chapter 316 of the Florida Statutes "must be cited for such an infraction and cited to appear before an official." Fla. Stat. § 318.14(1). The officer who issues the citation must "certify by electronic, electronic facsimile, or written signature that the citation was delivered to the person cited." *See id.*, § 318.14(2). This certification is prima facie evidence that the person cited was served with the citation. *Id.* The statute further provides that any person charged with a noncriminal infraction who does not elect to appear shall, within 30 days after the date of issuance of the citation: (1) pay the civil penalty and delinquent fee, if applicable, either by mail or in person; or (2) enter into a payment plan with the clerk of the court to pay the civil penalty and delinquent fee. *See id.*, § 318.14(4)(a). The civil penalty for a violation of § 316.220 (the headlamp requirement) is $30.00. *See* Fla. Stat. § 318.18(2). Any person who fails to pay the civil penalty within the 30-day period must pay an additional civil penalty of $16. *See* Fla. Stat. § 318.18(8)(a).[2] Any person electing to appear before the designated official, or who is required to so appear, is deemed to have waived her right to the civil penalty provisions of § 318.18. *See* Fla. Stat. § 318.14(5). The official, after a hearing, shall make a determination as to whether an infraction has been committed. *See id.* If the commission of an infraction has been proven, the official may impose a civil penalty not to exceed $500.00. *See id.*

The court takes judicial notice of information available on the database maintained by the Santa Rosa County Clerk of Court, viewed November 12, 2015, http://www.santarosaclerk.com/, which indicates that on September 27, 2011, Case No. 2011-TR-014710 was filed, charging Brewer with violating the headlamp statute.[3] A hearing on the traffic infraction occurred on November 18,

---

[2] In addition to the civil penalties, the person must pay court costs, surcharges, administrative fees, and other assessments as provided by statute. *See* Fla. Stat. § 318.18(11)(c), (d), (13), (14), (17), (18), (19).

[3] *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

2011.  The hearing officer adjudicated Brewer guilty of the infraction and imposed a monetary fine. The fine, including all additional costs, fees, and other assessments, was paid in July of 2015, in the amount of $239.25.

Brewer's allegations fail to state a plausible due process claim.  Brewer was cited for the headlamp infraction, and thus was required to appear before a hearing officer unless she either paid the monetary penalty or entered into a payment plan within 30 days.  Brewer did not avail herself of either of these options.  Further, she did not assert a valid defense to the charge; therefore, the hearing officer's adjudicating her guilty and imposing a monetary penalty less than the statutory maximum of $500.00 did not violate Brewer's due process rights.[4]  Brewer's due process claim lacks an arguable basis in law and thus should be dismissed as frivolous.

B.      Claim Under 18 U.S.C. § 241

Brewer's claim under 18 U.S.C. § 241 is frivolous.  A private individual cannot bring an individual action under § 241, as it is a criminal statute, and the power to prosecute criminal cases is vested exclusively in the Executive Branch.  *See* Higgins v. Neal, 52 F.3d 337 (10th Cir. 1995); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (noting that "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242"); *see also* Dugar v. Coughlin, 613 F. Supp. 849 (S.D.N.Y. 1985) (no private right of action under federal criminal statutes); Powell v. Kopman, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (same).  Therefore, this claim should be dismissed.

C.      State Law Claims

Brewer's state law claims should be dismissed without prejudice to her pursuing them in state court.  It is well established that once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over any state claims against a defendant.  *See* Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997).  Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction.  *See also* United Mine Workers v. Gibbs, 383 U.S. 715, 725–26, 86 S. Ct. 1130,

---

[4] Brewer has not cited any provision of Florida law requiring her signature on the citation.  Additionally, she cites no legal authority for her position that her remedying the headlamp infraction, alone, relieved her of the legal obligation to pay the civil penalty associated with the infraction.

16 L. Ed. 2d 218 (1966). Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction. Baggett, 117 F.3d at 1353 (citing Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994); Exec. Software N. Am. v. U. . Dist. Court, 15 F.3d 1484, 1493 (9th Cir. 1994); New England Co. v. Bank of Gwinnett Cnty., 891 F. Supp. 1569, 1578 (N.D. Ga. 1995); Fallin v. Mindis Metals, Inc., 865 F. Supp. 834, 841 (N.D. Ga. 1994)). The Eleventh Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial. See Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).

Taking these factors into account in this case, the court concludes that any state law claim asserted by Brewer should be dismissed to permit her to pursue it in a more appropriate forum. While it would be convenient for Brewer to continue litigating her case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants support retaining jurisdiction of Brewer's state claim(s) and delaying justice in other cases. Furthermore, the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so. Moreover, the supplemental jurisdiction statute contains a tolling provision. See 28 U.S.C. § 1367(d) (state claims asserted in federal court along with "related" federal claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"); Personalized Media Commc'ns, LLC v. Scientific-Atlantic, Inc., 493 F. App'x 78, 82 n.1 (11th Cir. 2012) ("'Section 1367(d), giving the plaintiff at least 30 days to re-file in state court after a federal court declines to exercise supplemental jurisdiction, removes the principal reason for retaining a case in federal court when the federal claim belatedly disappears.'") (citation omitted). In Krause v. Textron Fin. Corp., 59 So. 3d 1085 (Fla. 2011), the Supreme Court of Florida held that Florida state law claims are tolled while they are pending in federal court, and the plaintiff shall have 30 days after dismissal by the federal court to re-file in state court. See id. (citing 28 U.S.C. § 1367). This is specifically "to prevent the limitations period from expiring" on any Florida state law claim while it is being pursued in federal court in conjunction with the federal claim. Id. at 1091. Therefore, Brewer's pursuit of any state law claim in state court would not be prejudiced by this court's declining to exercise supplemental jurisdiction over those claims.

III.     CONCLUSION

Brewer's federal claims lack any arguable basis in law; therefore, they should be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."  Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005).  However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).  Amendment would be futile in this instance, because the facts as alleged in the complaint, viewed in a light most favorable to Brewer, could not be stated in any fashion so as to show that she is entitled to relief.  Therefore, the court may dismiss this case without providing opportunity for amendment.  With regard to Brewer's state law claims, the court should decline to exercise supplemental jurisdiction over those claims; therefore, those claims should be dismissed without prejudice.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1.      That Plaintiff's federal claims be **DISMISSED with prejudice** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

2.      That Plaintiff's state law claims be **DISMISSED without prejudice**; and

3.      That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this <u>12th</u> day of November 2015.


<div style="margin-left: 45%;">
/s/ <i>Elizabeth M. Timothy</i>
<hr>
<b>ELIZABETH M. TIMOTHY</b>
<b>CHIEF UNITED STATES MAGISTRATE JUDGE</b>
</div>


### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**